IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMAR A. JAMES,<br>    Petitioner,<br><br>v.<br><br>HAROLD W. CLARKE,<br>    Respondent. | )<br>)<br>)   Civil Action No. 7:21cv00520<br>)<br>)   <u>MEMORANDUM OPINION</u><br>)<br>)   By: Pamela Meade Sargent<br>)   United States Magistrate Judge<br>) |

    Petitioner, Jamar A. James, ("James"), a Virginia Department of Corrections, ("VDOC"), prisoner incarcerated at Pocahontas State Correctional Center, ("Pocahontas"), has filed this habeas Petition pursuant to 28 U.S.C. §2254, against the respondent, Harold W. Clarke, ("Clarke"). This case is before the undersigned magistrate judge upon transfer by consent of the parties pursuant to 28 U.S.C. § 636(c)(1). This case is before the court on Clarke's motion to dismiss. (Docket Item No. 12) ("Motion"), and James's response, (Docket Item No. 19) ("Response"). For the reasons stated below, I will grant the Motion and dismiss James's Petition.

I.

    James is detained pursuant to a final judgment of the Circuit Court for the City of Salem, dated March 7, 2019. James pled nolo contendere to violation of a protective order and assault and battery of a household or family member, third or subsequent offense. Following a bench trial, he was convicted of strangulation. The trial court sentenced James to 12 months in prison for violating the protective order, five years in prison, with one year suspended, for the assault and battery, and five

years, all suspended, for the strangulation. (Case Nos. CR18000078, CR18000079 and CR18000090.) James appealed only his strangulation conviction to the Court of Appeals of Virginia. James argued that the evidence was insufficient to sustain his conviction for strangulation. The Court of Appeals denied James's appeal by per curiam order September 16, 2019. (Record No. 0389-19-3.) A three-judge panel of that court affirmed the denial on November 6, 2019. (Record No. 0389-19-3.) James then appealed to the Supreme Court of Virginia, and that court refused his appeal on May 18, 2020. (Record No. 191537.)

On November 30, 2020, James filed a petition for writ of habeas corpus in the Supreme Court of Virginia, challenging his strangulation conviction on the following grounds:

1. He received the ineffective assistance of counsel where counsel failed to object to the introduction of video recordings from police body cameras;
2. He received the ineffective assistance of counsel where counsel failed to object to the introduction of evidence of his criminal history;
3. He received the ineffective assistance of counsel where counsel failed to object to alleged hearsay evidence from a neighbor;
4. He received the ineffective assistance of counsel where counsel failed to conduct an adequate investigation;
5. He received the ineffective assistance of counsel where counsel failed to challenge witness testimony as contradictory;
6. There was insufficient evidence to support his strangulation conviction;
7. His strangulation conviction was based solely on his criminal history; and
8. He suffered a plain error that affected his substantive rights.

The Virginia Supreme Court denied James's petition on August 31, 2021.

In his Petition in this court, (Docket Item No. 1), James alleges that he received ineffective assistance of counsel in that "the reasonable probability was not advised by my attorney," ("Claim 1"), and because counsel failed to investigate, ("Claim 3"). (Docket Item No. 1 at 5, 8.) James also alleges that the court committed plain error in admitting evidence of his prior criminal history, ("Claim 2"), and that the evidence was insufficient because the victim's testimony was contradicted by other evidence, ("Claim 4"). (Docket Item No. 1 at 7, 10.)

II.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts reviewing constitutional claims adjudicated on the merits in state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). When the lack of merit of a petitioner's claims is ascertainable from the record, an evidentiary hearing is not required. *See* 28 U.S.C. § 2254(e)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 481 (2007).

A federal district court reviewing a § 2254 petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds. The standard of review and these procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's

legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *See Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732.

A separate but closely related issue is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that provides an independent and adequate ground for the state court's decision, that claim is procedurally defaulted for purposes of federal habeas review. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. *See Yeatts v. Angelone*, 166 F.3d 255, 263–64 (4th Cir. 1999). A claim that has not been presented to the highest state court and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now is considered simultaneously exhausted and defaulted. *See Bassette v. Thompson*, 915 F.2d 932, 936–37 (4th Cir. 1990).

A federal habeas court will consider a procedurally defaulted claim only if the

prisoner shows both cause for the default and actual prejudice from the claimed federal violation. *See Coleman*, 501 U.S. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the prisoner. *See Coleman*, 501 U.S. at 753. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III.

I will now address each of James's claims.

### A. Ineffective Assistance of Counsel

In his Petition, James alleges that he received ineffective assistance of counsel in that "the reasonable probability was not advised by my attorney," (Claim 1), and because counsel failed to investigate, (Claim 3). (Docket Item No. 1 at 5, 8.) Liberally construed, Claim 1 appears to argue that James's counsel provided ineffective assistance in that counsel failed to object to the introduction of certain evidence. (Docket Item No. 1 at 7.) Clarke concedes that, if Claim 1 is interpreted in this fashion, James exhausted this ineffective assistance of counsel claim. Clarke also concedes that, if Claim 3 is alleging that additional investigation would have led to additional impeachment evidence against the victim, this claim also has been exhausted.[1]

---

[1] Clarke argues that, if the court disagrees with his interpretation of these claims, the claims should be dismissed because James has not clearly articulated the claims, nor has he offered any evidence in support of the claims. These claims, Clarke argues, are barebones, conclusory claims that James suffered from some unarticulated error, which is insufficient. *See Nickerson v. Lee*, 971

When reviewing counsel's performance at trial, courts apply a highly deferential standard. A petitioner must show (1) that counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment *and* (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of federal habeas claims, review is "doubly deferential," because the deferential standard of review under *Strickland* overlaps with the deferential standard under 28 U.S.C. §2254(d). *See Cullen v. Pinholster,* 563 U.S. 170, 190 (2011). I will apply these deferential standards in reviewing James's ineffective assistance of counsel claims, both of which were denied by the state habeas court.

1. Objection To Evidence

In his Petition, James does not specify the evidence to which he claims his counsel should have objected. In his response, he references "videos" without further information. In dismissing this claim on his state habeas petition, the Supreme Court of Virginia held:

> In a portion of claim (a), petitioner contends he was denied the effective assistance of counsel because counsel failed to object to the introduction of video recordings from the police worn body cameras. Petitioner argues the police body camera videos contradict statements made by the victim, S.B. Petitioner further argues the videos were inflammatory and depicted a child who had not been harmed and who could not provide evidence that petitioner had strangled S.B.

---

F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim – or for that matter, on any claim – a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

The Court holds this portion of claim (a) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates petitioner arrived home, appeared to be drunk, and started choking S.B., who was sleeping with her children. Petitioner choked S.B. until her head felt "like it was about to explode," she could not breathe, and she "blacked out." Lori Hale, the neighbor living in the apartment below petitioner and S.B.'s apartment, testified she heard petitioner yelling at S.B. and S.B.'s children and heard S.B. screaming. Hale let S.B. and the children into her apartment and observed red marks on S.B.'s face and neck.

Officer Stephen Beard testified that when he arrived at the scene, S.B. was crying and upset and petitioner appeared to be intoxicated. Officer E. G. Wells testified petitioner admitted using physical force on S.B. and that S.B. answered yes on the domestic violence assessment form when asked if petitioner ever tried to choke her. The forensic nurse who examined S.B. testified and referred to photographs showing S.B.'s injuries, including bruising, nasal fracture, petechia on her right lower lip and around both eyes, scratches, and S.B.'s swollen neck. In addition, the body camera videos from the two police officers who responded to the scene were played at trial and showed S.B., petitioner, and one of S.B.'s children interacting with the officers.* A portion of the videos were played at sentencing to show the impact on the child and the child's interactions with the officer.

Petitioner fails to articulate how the videos were inconsistent with S.B.'s statements and fails to explain how the videos were inflammatory. Furthermore, petitioner fails to articulate any legal theory counsel could have used to challenge the playing of the videos at trial or to challenge playing a portion of the videos at sentencing. Even assuming counsel could have successfully objected to the videos, petitioner fails to allege how the outcome of his trial or his sentencing would have been different had the videos not been played for the judge. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

---

* The videos were never admitted into evidence at trial.

(Docket Item No. 13-1 at 1-2.) Thus, the state habeas court held that James established neither deficient performance nor prejudice. Whether to raise an objection is a tactical decision. *See Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). As with all tactical decisions, a federal habeas court must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions, without relying upon "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Just as in the state habeas court, James, here, has failed to articulate any legal theory counsel could have used to prevent the playing of the videos. Likewise, his counsel reasonably could have decided that objecting would be futile. This is not deficient performance. Counsel is not required to make futile objections or motions. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (quoting *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005)). Because the state habeas court reasonably determined the facts and applied the law, I will dismiss this claim.

2.  Failure To Investigate

James also argues that he received the ineffective assistance of counsel because his counsel failed to investigate, (Claim 3). It is not clear from James's Petition exactly what he argues here. On this claim, the Petition states: "The reasonable probability undermine the confidence in the outcome because the victim statement was the result of my lawyer didn't challenge the original crime. Criminal judgment to set aside the define [sic] counsel duty to investigate the issues in this case." (Petition at 8.) At another point in the Petition, James asserts: "Counsel should have challenged and how additional impeachment effects by counsel would led [sic] to different result." (Petition at 10.) I agree with Clarke that it appears James is arguing that additional investigation by counsel would have led to additional impeachment evidence of the victim. James has not, however, explained what additional investigation counsel should have

conducted or what evidence such an investigation would have revealed. Such a barebones, conclusory claim is insufficient and should be dismissed. *See Nickerson*, 971 F.3d at 1136. Insofar as this claim is construed as the same failure to investigate claim raised in the state habeas petition, the Virginia Supreme Court held:

> In another portion of claim (a), petitioner contends he was denied the effective assistance of counsel because counsel failed to conduct an adequate investigation.
> The Court holds this portion of claim (a) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. Petitioner fails to articulate what counsel should have further investigated, fails to articulate what additional investigation would have revealed, and fails to articulate how he was prejudiced by counsel's alleged deficiency. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

(Docket Item 13-1 at 3-4.) Thus, the state habeas court held that James established neither deficient performance nor prejudice.

Just as in the state habeas court, James, here, has failed to articulate what exactly he claims his counsel should have investigated, what any additional investigation would have revealed and how it would have affected the outcome of his case. James has not presented any evidence in support of this claim. Because the state habeas court reasonably determined the facts and applied the law, I will dismiss this claim.

B. Plain Error

James also alleges that the court committed plain error in admitting evidence of his prior criminal history, (Claim 2). On this claim, the Petition also states: The "date of the offense wasn't on the date of incident[,] happened 5 days later." (Petition at 7.) It also states: "The charge did not fit the crime…." It further states: "Changing the statement to fit the crime underminding [sic] the original statement." (Petition at 7.) It also states: "The video shows no red marks around the neck."  I cannot interpret this language to claim anything other than a plain error by the court in admitting James's criminal history. As stated above, an application for habeas relief "shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). It does not appear that James raised this claim before the state courts.  In his direct appeal, James argued that the evidence was insufficient because the circuit court disregarded his testimony and "ignored the video recording evidence that did not corroborate the victim's testimony." (Docket Item No. 13-2 at 4.) James's state habeas petition alleged ineffective assistance of counsel for failing to object to the admission of his criminal history; it also alleged some unspecified plain error. (Docket Item No. 13-1 at 2-3, 4.) It did not, however, raise a claim of plain error by the court in admitting James's criminal history.

Ordinarily, a federal court lacks power to entertain a mixed habeas petition containing exhausted and unexhausted claims. *See Townes v. Murray*, 68 F.3d 840, 846 (4th Cir. 1995). Because James failed to raise this claim on direct appeal or in his state habeas petition, and because James could not raise this argument in state court now, *see* VA. CODE ANN. § 8.01-654(B)(2) (2021), Clarke argues that this claim is presumed exhausted because it is defaulted. Section 8.01-645(B)(2) states:

> [A] petition shall contain all allegations the facts of which are known to petitioner at the time of filing…. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

VA. CODE ANN. § 8.01-654(B)(2). This statute has been consistently applied to bar claims which could have been raised in an earlier habeas proceeding. *See Bassette*, 915 F.2d at 937. From the record it is obvious that James knew his criminal history had been admitted at trial prior to filing his state habeas petition. Since he did not raise this claim in his earlier state habeas petition, he may not raise it in a subsequent petition. *See Bassette*, 915 F.2d at 937. Therefore, this claim is procedurally defaulted. A federal court may review a procedurally defaulted claim only if the petitioner demonstrates just cause for his default and resulting prejudice or if the petitioner shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749-50. James has failed to show cause and prejudice or that failure to consider this claim would result in a fundamental miscarriage of justice. Therefore, James's procedural default bars habeas review of this claim, and I will dismiss this clam.

### C. Sufficiency of Evidence

James's Petition also states: "Evidence contradicted the testimony including the videos from the police body cameras." (Claim 4) (Petition at 10.) Clarke agrees that this claim was exhausted because James raised it in his direct appeal to the Court of Appeals of Virginia and the Supreme Court of Virginia affirmed the denial of the appeal without comment. Therefore, the last reasoned opinion addressing the sufficiency of the evidence was from the Court of Appeals, and the determinations

of the Court of Appeals are imputed to the Supreme Court of Virginia. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In addressing James's sufficiency of the evidence claim, the Court of Appeals held:

> Appellant [James] argues that the trial court arbitrarily disregarded his testimony and ignored the video recording evidence that did not corroborate the victim's testimony.
> The trial court accepted the victim's testimony and did not accept appellant's testimony that he did not strangle or choke the victim. "Determining the credibility of witnesses . . . is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)) (alteration in original). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). "The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve, in whole or in part, the testimony of any witness." *English v. Commonwealth*, 43 Va. App. 370, 371 (2004) (citations omitted). Further, appellant admitted that he was "raging" mad during the incident and that he struck the victim. In addition, the victim described how, during the choking, her head felt "big" "like it was about to explode," she could not breathe, and she blacked out. After the incident, she had visible injuries to her neck, her neck was swollen and sore, she had a sore throat and raspy voice, and it hurt to talk, eat, and swallow. The victim's neighbor saw the red marks on the victim's neck, and the forensic nurse opined that the injuries on the victim's neck area were indicative of a choking. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of strangling the victim, causing bodily injury to the victim.

(Docket Item 13-2 at 11-12.) The Court of Appeals' ruling was not contrary to or an unreasonable application of federal law; nor was it an unreasonable application of the facts. I will dismiss this claim.

An appropriate order will be entered.

**ENTERED**: September 26, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE